# ATTACHMENT 2



Not Reported in F.3d                                                                                          Page 1
Not Reported in F.3d, 2001 WL 799950 (D.C.Cir.)
**(Cite as: 2001 WL 799950 (D.C.Cir.))**

C

**Briefs and Other Related Documents**

Only the Westlaw citation is currently available.

United States Court of Appeals, District of
Columbia Circuit.
Carol HELSTOSKY, et al., Petitioners
v.
ENVIRONMENTAL PROTECTION AGENCY,
Respondent
No. 01-1069.

June 29, 2001.

Before: WILLIAMS, GINSBURG, and RANDOLPH, Circuit Judges.

ORDER

PER CURIAM.

*1 Upon consideration of the motion to dismiss, the opposition thereto, and the reply, it is

ORDERED that the motion to dismiss be granted. Petitioners have failed to demonstrate actual or imminent injury fairly traceable to the challenged rule and redressable by a favorable decision, as required by Article III's jurisdictional standing requirements. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180-81 (2000). Petitioners' claimed injury is Dr. Carol Helstosky's exposure to harmful chemicals. Petitioners have not sufficiently demonstrated, however, that the challenged testing guideline is likely to affect Dr. Helstosky's exposure to such chemicals. The testing guideline merely sets forth a standardized procedure that can be cross-referenced in future rules, and has no binding effect. Although EPA has incorporated the testing guideline in a program which requests that chemical manufacturers voluntarily conduct tests, petitioners do not challenge respondent's assertion that it is free to request parties to agree to perform voluntary testing regardless whether or not the testing protocol has been published as a testing guideline. *See United Transp. Union v. ICC,* 891 F.2d 908, 915 (D.C.Cir.1989) (since any hypothetical future injury could also occur in the absence of the challenged rule, a favorable decision by this court would not be likely to redress the injury). Even assuming that chemical manufacturers' use of the testing protocol is traceable to the testing guidelines and redressable by a favorable decision, the alleged injury depends upon the premise that the use of the test protocol will wrongly indicate that certain chemicals are safe, which will result in a future decision by respondent not to impose stricter regulations on these chemicals, which in turn will lead to Helstosky's continued exposure. This scenario is too attenuated to establish standing to challenge the substance of the testing guideline. *See generally National Law Ctr. on Homelessness and Poverty v. Kantor,* 91 F.3d 178, 182 (D.C.Cir.1996) (rejecting as conjectural the assertion that the Census Bureau's alleged undercount of homeless persons would lead the government to provide less support for the homeless).

Similarly, petitioners lack standing to assert their procedural challenges to the testing guideline. The mere violation of a procedural requirement does not authorize all persons to sue to enforce the requirement. *See Florida Audubon Soc'y v. Bentsen,* 94 F.3d 658, 664 (D.C.Cir.1996) (en banc). A party has standing to challenge an agency's failure to abide by a procedural requirement only if the government act performed without the procedure in question will cause a distinct risk to a particularized interest of the plaintiff. *See id.* Because petitioners have not adequately demonstrated that the testing guidelines cause a risk of harm, they lack standing to assert their procedural claims. *See American*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.3d                                                                                                     Page 2

Not Reported in F.3d, 2001 WL 799950 (D.C.Cir.)

**(Cite as: 2001 WL 799950 (D.C.Cir.))**

*Petroleum Inst. v. EPA,* 216 F.3d 50, 66-68 (D.C.Cir.2000) (petitioners lacked standing to raise procedural claim because they did not sufficiently show link between the challenged agency decision and the alleged risk to petitioners of harmful chemical exposure).

**\*2** The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**Briefs and Other Related Documents (Back to top)**

• 01-1069 (Docket)
(Feb. 13, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.